Barrett, J.
This matter came before the court by way of an appeal under M.G.L. c. 31, §44, as amended, from a decision of the Civil Service Commission (Commission) upholding the termination by the Superintendent of the Boston School Department of the *544 plaintiffs position as Attendance Supervisor for the Boston Public Schools. At the hearing on this matter, a threshold issue was raised relative to the absence from the record of the transcript of the hearing before the Commission. As it developed, the appellant had not requested that a transcript of the proceeding be prepared and insists instead that the burden is on the Commission to provide such transcript. A matter on all fours with this issue came before Justice Herbert P. Wilkins of the Supreme Judicial Court in an unreported decision entitled Betty E. Waxman v. Harold Aziz, Supreme Judicial Court for Suffolk County, No. 90-286. A copy of this decision is attached hereto. As Judge Wilkins noted what is involved is the interplay between G.L. c. 31, §44 and G.L. c. 31A, §§11(6) and 14(4). As Judge Wilkins determined, the burden of requesting a transcript and paying the cost of that transcript initially falls upon the appellant whose burden has traditionally been and continues to be providing whatever record is needed to support the claims of error below. Consequently, the burden of requesting the preparation of the transcript and providing the cost involved therein falls upon the appellant plaintiff.
Apart from the claim that the Civil Service Commission erred by not filing the complete transcript of the proceeding below, a claim which this court has now rejected, the major thrust of the plaintiffs appeal rests on his claim that the decision of the commission is unsupported by substantial evidence. Obviously that claim can not be resolved by the court without the transcript of the proceeding below. A reading of the plaintiffs appeal brief insofar as it makes any assertions other than a claim that various findings were not supported by substantial evidence seems to intertwine any additional arguments with the absence of the record to support the various claims. Consequently, it seems to the court that on the present record the plaintiffs claims must fail.
Rather than simply dismissing the present proceeding, the court, in its discretion, orders that the plaintiff shall have a period of thirty days in which to request of the Commission that it transcribe the entire record before the Commission and to make payment when and as requested by the Commission for the expense of reproducing that transcript. Should the plaintiff fail to comply with this order, then his appeal is dismissed. In the event that the plaintiff does comply with this order, the record shall be completed by filing the transcript as soon as reasonably possible and the court shall thereafter conduct a hearing with the benefit of the full transcript.